THOMAS L. ANDREWS, Petitioner, v. LAKE F. RUSSELL, Warden, Respondent.

451 S.W.2d 704.

Court of Criminal Appeals of Tennessee. Dec. 16, 1969.

Certiorari Denied by Supreme Court Feb. 16, 1970.

James V. Ball, Hugh W. Stanton, Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, John W. Pierotti, Asst. Dist. Atty. Gen., Phil M. Canale, Jr., Dist. Atty. Gen., Memphis, for respondent.

## OPINION

HYDER, Judge.

This is an appeal of the dismissal of a petition for post-conviction relief, after an evidentiary hearing. The trial court appointed an attorney to represent petitioner at the hearing.

Petitioner was represented by the Public Defender on a charge of robbery by the use of a deadly weapon. On September 21, 1965, he entered a guilty plea, and he was sentenced to ten years in the penitentiary.

At his evidentiary hearing on this petition the following facts were detailed by petitioner. He said that he had been in and out of jails before for public drunkenness and things like that, but nothing serious. He had heard others in jail tell about some of their experiences, so he said that he decided that he would pull off a robbery. He had a .22 pistol which he said he had never fired. He

took it, unloaded, according to his story, and went to the Toddle House Restaurant at about two o'clock A.M., where he drank coffee for about thirty minutes until everyone was gone except one young lady. He said that he pulled out the pistol, told the waitress that this was a hold up, and that he wanted the money. When she handed him change he told her he wanted the bills, which she delivered, and he left. He was arrested shortly thereafter, and he testified that he gave the officers a statement substantially like that which he gave at his evidentiary hearing.

The Public Defender was appointed to represent petitioner in May of 1965, and two different members of that office talked to him between May and September, 1965. He frankly admits that no force was used on him, no threats made, and no promises except that his attorneys told him he could enter a guilty plea and they had been able to get a recommendation of the minimum sentence for robbery by the use of a deadly weapon. He said that in the jail he had heard of two prisoners receiving thirty five years for armed robbery during the week that he entered his plea. He desired to plead guilty and he did.

After the petitioner went to the penitentiary he started attending a legal aid clinic, established for the benefit of the prisoners, and he began to read about criminal law. He testified that he had read about the Cooper case* where the court said that a toy pistol was not a deadly weapon, and he felt that, since the pistol he used was not loaded, and, according to him, he did not actually point it at the waitress, that his offense was properly simple robbery and not armed robbery.

Petitioner asserts in his petition, and in his brief and assignments of error before us that his counsel was ineffective in his criminal case. Three assignments of error complain:

1. Ineffective counsel.

2. That he did not knowingly and intelligently waive his right to trial on the merits when he entered a plea of guilty.

3. The evidence would support no more than a conviction of simple robbery.

After the evidentiary hearing and argument of counsel, the trial judge, in an opinion, found that there was no merit to his contentions and dismissed the petition. We are of the opinion that the trial judge was correct.

Considerable work has been done by counsel for petitioner and by the Assistant Attorney General, as evidenced in their briefs, on the subject of whether or not an unloaded pistol is a deadly weapon under the robbery statute of Tennessee which provides increased penalty if a deadly weapon was used in the robbery. We do not feel that this issue is before us.

■ ■ The issue in this petition, and which the trial judge disposed of, is, whether or not petitioner had the benefit of effective counsel. We can not here rule on what the evidence in the criminal trial would have been, if there had been a full trial, because the petitioner, by entering a guilty plea, waived a full trial. State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497.

Petitioner states that his attorneys left with him the decision of whether he would plead guilty, and that they

did not attempt to influence him. He acknowledges signing the plea of guilty and the waiver of a jury trial, and states that he understood them at the time. What he does complain of in this hearing is the claim that his attorneys did not explain to him the elements of robbery by the use of a weapon and the lesser included offense, simple robbery, and the fact that if tried on a not guilty plea the jury could find guilt under the lesser offense. He feels now that this was what his crime amounted to.

As we have said, after hearing him and both of the Public Defenders testify at the evidentiary hearing, the trial judge dismissed the petition. Unless we find that the evidence preponderated against the finding of the trial judge we must affirm his finding that the petitioner has failed to show that his counsel were ineffective. Lloyd v. State, Tenn., 440 S.W.2d 797. He has failed to show that the evidence does preponderate against the finding of the trial judge.

The standard applied by the overwhelming majority of federal courts and adopted by our Supreme Court in considering the question of incompetency of counsel is stated as follows:

"Incompetency of counsel such as to be a denial of due process and effective representation by counsel must be such as to make the trial a farce, sham or mockery of justice."

Our Supreme Court has applied this rule in criminal cases where a plea of guilty has been entered upon the advice or urging of defense counsel. In cases where this exercise of judgment by counsel has been attacked, it has uniformly been held that this is not a

ground for invalidating the judgment. State ex rel. Richmond v. Henderson, Tenn., 439 S.W.2d 263; Davis v. Bomar, 344 F.2d 84 (6th Cir.), cert. den. 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124.

■ This record does not support the claim that counsel for petitioner were ineffective in the trial court, nor does it justify any relief to him under any of his grounds for relief, and we have considered and studied all of them.

We affirm the judgment of the trial court in dismissing this petition.

We appreciate the excellent services of counsel appointed to represent petitioner in this cause.

RUSSELL and MITCHELL, JJ., concur.