JOHN D. BREWER, Petitioner, v. STATE OF TENNESSEE, Respondent.—470 S.W.2d 47

August 24, 1970.

Certiorari Denied by Supreme Court July 19, 1971.

J. Travis Price, Springfield, for petitioner.

David M. Pack, Attorney General, C. Hayes Cooney, Assistant Attorney General, Nashville, O'Brien Price, District Attorney General, Springfield, for respondent.

WALKER, P.J.   After an evidentiary hearing, the trial judge found Brewer's petition for postconviction relief without merit and he has appealed to this court. He challenges as void his conviction for murder in the first degree and sentence to thirty-five years and one day.

■ Brewer contends that he was denied the effective representation of counsel by his two retained attorneys. When a defendant is represented by privately-retained counsel, state action is not involved and the action or nonaction of such counsel is imputed to the defendant and not to the state. Morgan v. State, Tenn.Cr.App., 445 S.W.2d 477.

■ Nevertheless we have considered all of the testimony in this hearing as well as the transcript of the original trial made an exhibit to this proceeding. The petitioner had excellent representation by competent attorneys, at least one of whom was employed before his preliminary hearing. They joined in a petition for a mental examination for the petitioner, had photographs made of the scene, interviewed all of the witnesses whose names were furnished by Brewer and consulted with him

at length six to ten times in the preparation of the case. They had six to nine months for preparation.

The transcript of the original trial shows that Brewer was well represented by skilled counsel. Their decisions of trial strategy were those of trained and competent attorneys experienced and active in trial practice. The trial judge instructed the jury on all of the degrees of homicide and on self-defense. There is no merit in petitioner's claim that his counsel were ineffective.

■ He says that he was tricked by one of his attorneys into signing a blank piece of paper which later was filed as a waiver of appeal; that he did not in fact waive an appeal.

The trial judge found that he voluntarily signed a formal waiver with the advise of his attorney. The proof abundantly sustains his finding. One of the attorneys talked with Brewer three times about an appeal, at some of which times the petitioner's brother was present. Brewer did not call his brother as a witness.

The waiver was on a mimeographed form obtained from the clerk's office and the proof showed that it was not changed after the petitioner signed it.

■ The petitioner charges that the district attorney general inflamed the jury against him in his argument. A postconviction petition cannot be employed as a substitute for an appeal, or to review or correct errors of law or fact allegedly committed by a court of competent jurisdiction. See State ex rel. Ingram v. Henderson, 220

Tenn. 676, 423 S.W.2d 479. Further, the proof does not show any objectionable argument.

■ The petitioner contends that his arrest was unlawful and violated his rights as delineated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

In this proceeding the petitioner testified that after shooting Frank Jones, the deceased, he ran out in the street, saw the police, waved them down and told them that he had shot Jones; that he just got in the police car; that they asked for his gun and took him to jail.

One of the officers testified that he asked the petitioner, "What's going on?" when the petitioner waved them down; that the petitioner told them he did not mean to shoot the boy. These statements were spontaneous ones not made in response to custodial interrogation. Volunteered statements of this kind are not barred by the Fifth Amendment and their admissibility is not affected by the holding in *Miranda*.

Moreover, at his trial he did not object to the statements but inquired about them on cross-examination. The petitioner claimed that he did not intend to kill the deceased but thought that he had "winged" him. This statement supported his theory and defense. Objections must be timely made or they are waived. See Floyd v. State, Tenn.Cr.App., 430 S.W.2d 888.

■ In his petition Brewer requested the court to appoint a named attorney from another county to represent him. The trial court appointed a well-qualified local attorney familiar with the practice and procedure of the

criminal courts. The requested attorney was willing to serve by appointment as co-counsel but the court declined to make an additional appointment. We commend the requested counsel for his willingness to serve as associate counsel but find no error in the trial judge's refusal to appoint the lawyer for whom the petitioner had expressed preference.

■ The petitioner contends that the trial judge erred in conducting the evidentiary hearing here since he presided at the original trial.

This petition was filed in the trial court February 6, 1969, and counsel was appointed March 8, 1969. On March 21, 1969, counsel filed a motion requesting (1) an order for a copy of all warrants, indictments and legal documents at no cost; (2) a free transcript of the earlier proceeding; (3) that the hearing set for April 4, 1969, be reset indefinitely until the requested materials were furnished and thereafter for at least ten additional days for investigation and preparation.

Following this motion the case came on for an evidentiary hearing on September 22 and 23, 1969.

Effective May 6, 1969, T.C.A. Sec. 40-3803 was amended to provide that the Chief Justice of the Supreme Court shall assign to hear postconviction proceedings any judge or chancellor except the judge who presided at the original trial.

When this petition was filed and proceedings begun, no such assignment procedure existed. The statute does

not provide that it apply retroactively to cases begun prior to its effective date. Furthermore, the petitioner received a full and fair hearing of all of his contentions. The court did not err in hearing this petition.

All of the assignments are overruled and the judgment of the lower court is affirmed.

We express our appreciation to appointed counsel, J. Travis Price, of the Springfield bar, for his competent and unselfish service in the representation of this petitioner.

Hyder and Mitchell, JJ., concur.