Thomas Allen **GOODNER**, Petitioner,

v.

**STATE** of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

June 22, 1972.

Certiorari Denied by Supreme Court
Aug. 21, 1972.

Joe P. Binkley, Jr., Nashville, for petitioner.

David M. Pack, Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., C. Douglas Thoresen and Aaron Wyckoff, Asst. Dist. Attys. Gen., Nashville, for respondent.

OPINION

WALKER, Presiding Judge.

By this postconviction proceeding, the petitioner attacks his armed robbery con-

viction and ten years' sentence in the penitentiary, contending that he had ineffective representation of counsel.

In its answer the state denied all of the material allegations in the petition and further said that this petition is a collateral attack on a valid judgment of a court of record. Virtually all postconviction proceedings are collateral attacks and this is no defense to proceedings under the postconviction procedure act.

After a full evidentiary hearing, the trial judge found all of the allegations without merit and filed a memorandum disposing of them. He found that petitioner's rights were vigorously enforced by the able deputy public defender. We agree.

On direct appeal we affirmed the conviction and the Supreme Court denied certiorari. See Goodner v. State, Tenn.Cr.App., 464 S.W.2d 339.

The proof showed the petitioner's allegations of incompetence were without foundation. From the time of his arrest, he was competently represented by members of the public defender's office. An investigator interviewed witnesses and sought information to aid in his defense. The attorney who first represented him as well as his trial attorney completely refuted petitioner's claims of ineffective counsel. The first attorney advised him to accept an offer by the state of five years on a plea of guilty to simple robbery. He declined this but the advice was given in the petitioner's best interest. His trial counsel prepared the case well, was ready for trial and represented him vigorously and capably in the trial court and on appeal. The burden is on the petitioner to show that the evidence preponderates against the findings of the trial court. This he has not done. See Weddle v. State, Tenn.Cr. App., 453 S.W.2d 426. This record does not support the claim that counsel for petitioner was ineffective. See Andrews v. Russell, Tenn.Cr.App., 451 S.W.2d 704.

At the conclusion of the proceedings in the trial court, the trial judge relieved appointed counsel of further representation and allowed 90 days to perfect the appeal. We reappointed counsel for appellate proceedings.

T.C.A. § 40–2020 applies to postconviction proceedings as well as criminal trials. If the trial court permits an attorney to withdraw, it provides that the court shall immediately appoint another attorney in his place.

In Parton v. State, Tenn.Cr.App., 455 S. W.2d 645, we said:

"This statute intends to prevent a gap in the representation of a defendant. To make the right to counsel meaningful, representation must be continuous. T. C.A. § 40–2018 provides that appointed counsel shall represent the defendant at all stages in the trial court and also on appeal from that court. Once appointed, counsel should not request leave to withdraw unless compelled to do so and can show good cause. See American Bar Association Minimum Standards Relating to Defense Services, Sec. 5.3. The advantage of familiarity with the case will generally outweigh any possible advantages to be gained in the fresh viewpoint of successor counsel. Our statute provides for continuity of representation and emphasizes that appointments continue through the appellate courts.

"If the trial court finds good cause has been shown and grants leave to withdraw, he should appoint successor counsel immediately. The trial judge should avoid a gap in representation."

We express our appreciation to appointed counsel for his capable representation of this petitioner.

OLIVER and GALBREATH, JJ., concur.