STATE of Tennessee, Appellee,

v.

Michael T. GARRARD, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

Feb. 27, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, Tennessee, David M. Himmelreich, Asst. Atty. Gen., Nashville, Columbus Wade Bobo, Asst. Dist. Atty. Gen., Clarksville, for appellee.

Michael T. Garrard, pro se.

## OPINION

O'BRIEN, Judge.

Michael T. Garrard appeals the dismissal of a petition for post-conviction relief without an evidentiary hearing by the Honorable Sam E. Boaz, sitting by designation in the Montgomery Criminal Court. The appellant was convicted of rape in 1975 and sentenced to serve seventy (70) years imprisonment. His conviction was affirmed on appeal.[1]

This is defendant's fourth petition for post-conviction relief. Mr. Garrard filed his first petition on September 5, 1978. Relief was denied after an evidentiary hearing and no appeal was taken. The second petition was filed October 10, 1980. Relief was denied, appeal was taken, then dropped, apparently because appellant filed a civil action in Federal District Court

---

1. *Garrard v. State*, Montgomery County, No. 15335, Tenn.Cr.App. Nashville, September, 1976;   cert. denied 11/1/76, per curiam.

alleging denial of access to the State courts. This complaint was dismissed April 27, 1982.[2] Appellant filed a petition for writ of habeas corpus on July 7, 1982. The petition was treated as one for post-conviction relief and dismissed. The dismissal was affirmed by this Court.[3] The petition currently on appeal was filed October 26, 1983, alleging, for the first time, an error in the trial court's charge. Judge Boaz was designated by Chief Justice William Fones to hear the matter to conclusion by letter dated November 23, 1983, in accordance with T.C.A. § 40–30–103. The petition was dismissed without an evidentiary hearing on January 24, 1984, with a written memorandum listing the court's findings. The order of dismissal was entered on March 9, 1984. The trial judge found the appellant's grounds to be previously determined or waived by failure to include them in previous petitions. He also found there was no necessity for appointment of counsel, or an evidentiary hearing.

There are nine issues presented for review on this appeal. Issues 1 through 3 contend there was error in the method of designation of Judge Boaz by the Chief Justice, and because the trial judge was allowed to preside over these proceedings when there was no allegation of incompetent trial counsel. Issue 4 alleges that counsel appointed to represent appellant at the post-conviction proceedings was incompetent. Issues 5 through 9 allege error in the dismissal of the petition, and dismissal of appointed counsel, without an evidentiary hearing.

▇▇▇ T.C.A. § 40–30–103 provides for designation of a judge to preside over post-conviction hearings. The Chief Justice designates any judge, "except the judge who presided at the criminal trial in which the conviction occurred, unless the issue of incompetent trial counsel is raised." The

Post-Conviction Procedure Act is a wholly statutory procedure. The designation of a hearing judge is purely an administrative function and nothing more. There was no constitutional deprivation.

▇▇▇ There is no constitutional right to counsel at post-conviction proceedings. Legislation provides for appointment of counsel where a petition is inartfully drawn or inarticulate in stating a claim. See T.C.A. § 40–30–107. There was no constitutional deprivation.

In his order dismissing the post-conviction petition the trial court stated his familiarity with the case, that he had reviewed the petition, as well as all previous petitions and appellate records, that the findings of fact contained in his memorandum were made without the necessity of an evidentiary hearing because they were matters of official court record. He concluded that all matters raised in the petition had previously been determined. Where there is evidence in the record to sustain the findings of fact by a trial court they are conclusive unless the evidence preponderates against the trial court's judgment. See *Clenny v. State,* 576 S.W.2d 12 (Tenn. Cr.App.1978), cert. denied 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

▇▇▇ The primary ground presented in the petition dismissed below concerns the charging of parole possibilities at appellant's trial in accordance with T.C.A. § 40–2707 (T.C.A. § 40–20–107), as the statute existed at that time.

In a split decision in *Farris v. State,* 535 S.W.2d 608, 612 (Tenn.1976), a majority of the Supreme Court held that Section 2 of Chapter 163 of the Public Acts of 1973, was void because the questioned section of the Act was broader than its caption and for that reason violated Article 2, Sec. 17, of the Constitution of Tennessee. *Farris* did

---

2. *Garrard v. Gasaway,* et al. No. 82–3050 (M.D. Tenn.1982).

3. *Garrard v. State,* Montgomery County, No. 82–197–III, Tenn.Cr.App. filed April 6, 1983, at Nashville.

not hold that a parole charge rendered a conviction reversible, void, or voidable. Defendant's conviction occurred on December 3, 1975. The decision in *Farris* was released on February 16, 1976. The decision particularly holds at page 614 that it was to apply only to cases where convictions had not become final on the date of the release of the opinion, and that the decision was not to be applied retroactively. The court did say at page 614 that the error found in the complained of charge to the jury had no relation to the jury's finding of guilt or innocence. In the petition to rehear they made it clear that even though a trial judge, prior to the release of the *Farris* opinion, may have charged the jury on parole considerations did not necessarily mean that the error was reversible or that the *Farris* procedure was to be followed. There was no majority in *Farris* which found Sec. 2 of Chapter 163 to be unconstitutionally vague.

We conclude that the appellant was not entitled to post-conviction relief in this case and affirm the judgment of the trial court.

WALKER, P.J., and BYERS, J., concur.