IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY SESSION, 1998

FILED

February 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| FREDERICK A. BUTLER, | ) | C.C.A. NO. 02C01-9705-CR-00191 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. ARTHUR T. BENNETT, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**GARLAND ERGUDEN**
242 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JANIS L. TURNER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**PAUL GOODMAN**
Assistant District Attorney General
201 Poplar Avenue - Third Floor
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Appellant, Frederick A. Butler, appeals as of right from the trial court's dismissal of his petition for post-conviction relief following an evidentiary hearing. The issue presented for review, as stated in Appellant's brief, is as follows: "The trial judge erred in finding that Petitioner's guilty plea was knowing and voluntary and not the product of ineffective assistance of counsel." After a review of the entire record on appeal, the arguments of counsel, and the applicable law, we affirm the judgment of the trial court.

In July, 1994 the Shelby County grand jury returned an indictment charging the Appellant and his co-defendant with the first degree murder of Appellant's infant son. The Appellant was tried prior to his co-defendant. The Appellant's case was originally set for trial May 1, 1995, but was continued to May 30, 1995. During the State's case-in-chief, the matter was resolved by a negotiated plea agreement wherein Appellant pled guilty to second degree murder and received a Range 2 sentence of forty (40) years. The sentence was ordered to be served concurrently with another conviction wherein Appellant had previously been sentenced.

The State was seeking the death penalty in the event of Appellant's conviction of first degree murder following a jury trial. Accordingly, two attorneys were appointed to represent Appellant. Although the reason is not clear in the record, Appellant was alleging at the post-conviction hearing that only the lead trial counsel was ineffective.

It is clear from the record that the transcript of the trial proceedings up to the guilty plea, and the transcript of the guilty plea hearing were available to the parties and the trial court prior to and during the post-conviction hearing. However, these transcripts are not included in the record on appeal, even though references to excerpts from the transcripts are referred to during examination of witnesses. In his brief, Appellant makes references to a transcript which is apparently the guilty plea hearing and the evidence adduced at trial prior to the guilty plea, but as stated above, these transcripts are not a part of the appellate record.

The Appellant, his sister, and his lead counsel in the original proceedings testified at the post-conviction hearing. Regarding ineffectiveness of counsel, Appellant made several complaints about his lead counsel. Specifically, Appellant testified that his trial counsel did not develop proof to show that his co-defendant actually killed the child with a pair of sandals, did not develop proof through an independently appointed pathologist to contradict the testimony of the State's expert medical examiner who performed the autopsy, and did not develop proof regarding his co-defendant's prior history of abuse to other children. In addition, Appellant testified that his trial counsel stated that he would not call material and necessary witnesses to testify, specifically Appellant's sister and aunt. Moreover, Appellant complained that his trial counsel did not discuss the possibility of a conviction on lesser included offenses and did not want Appellant to testify even though it was Appellant's desire to testify in his defense. Appellant also wanted his co-defendant to be compelled to testify and he alleged that trial counsel refused to take necessary steps to have the co-defendant testify at trial.

Trial counsel testified that he filed approximately twenty (20) pre-trial motions on behalf of Appellant. Also, counsel prepared for trial on both occasions that the matter was set. He spent in excess of 180 hours in his representation of Appellant. Furthermore, trial counsel stated that Appellant, from the very beginning, indicated that he did not want to go to trial but wanted to obtain the best negotiated plea agreement possible. Appellant initially turned down an offer to plead guilty to first degree murder and receive a term of life imprisonment. Later, on two (2) occasions prior to trial, he rejected the plea offer he ultimately accepted during the course of the trial. While the medical examiner was testifying, the court took a recess and Appellant asked his trial counsel to inquire as to whether or not the offer of pleading to second degree murder and receiving a forty (40) year, Range 2 sentence was still available. Trial counsel met with the Assistant District Attorneys who were prosecuting the case as well as the District Attorney General for Shelby County during the recess to reach the negotiated plea agreement.

Trial counsel testified that he discussed in length the witnesses who Appellant wanted to use at trial, and that he was prepared to call these witnesses to testify at trial. Counsel also investigated the juvenile court records of the co-defendant and the medical records of the victim. He could not determine any causal relationship between any alleged striking of the victim with sandals by the co-defendant and the ultimate cause of death. Trial counsel interviewed witnesses, including the medical examiner, prior to trial. Furthermore, counsel reviewed the entire file of the prosecutor as well as the physical evidence located in the evidence storage room. Appellant informed lead counsel and co-counsel that he had no complaints about their services as attorneys and that what they did or did not do had not caused him to change his mind regarding his plea of not guilty. Counsel was

also aware of the fact that the State had in its possession a letter written by Appellant to his co-defendant admitting his guilt and exonerating the co-defendant. Counsel was cognizant of the fact that the State did not plan to call the co-defendant as a witness in its case-in-chief, but would call her as a rebuttal witness in the event Appellant's proof indicated that it was his co-defendant, and not himself, who had committed the homicide.

The trial court made detailed written findings of fact and conclusions of law which accredited the testimony of trial counsel and rejected the testimony of Appellant. The trial court specifically found that counsel rendered assistance which was within the range of competence expected of an attorney in a criminal case.

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be

"sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

On the appeal from a post-conviction relief hearing, the trial court's findings of fact are conclusive unless the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); State v. Cook, 749 S.W.2d 42, 45 (Tenn. Crim. App. 1987). The burden is on the appellant to show that the evidence preponderates against the findings of the trial court. Cook, 749 S.W.2d at 45; Goodner v. State, 484 S.W.2d 364, 365 (Tenn. Crim. App. 1972). Questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court, not the appellate court. Parham v. State, 885 S.W.2d 375, 379 (Tenn. Crim. App. 1994); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

The trial court heard the testimony from the Appellant and his witness, as well as his trial counsel. The trial court made specific findings of fact which were contrary to Appellant's assertions. The evidence in the record does not preponderate against these findings by the trial court. Accordingly, this issue is without merit.

Appellant also complains that he did not enter a knowing and voluntary guilty plea. He argues in part that his guilty plea was not knowing and voluntary because of the ineffective assistance of his lead counsel. In effect, Appellant argues that his guilty plea was coerced by both his counsel directly insisting upon a plea of guilty and by his failing to provide a proper defense. Furthermore, Appellant argues that he was scared by certain comments made by the trial judge at the guilty plea submission hearing. He submits that he was therefore prevented from stating on the record at that time: (1) that he desired to proceed with the trial and (2) that he had serious problems with the way his counsel had been representing him.

It is sufficient to state here that the record available clearly reflects that the trial court properly found that Appellant entered a knowing and voluntary guilty plea. Furthermore, since the guilty plea hearing was not made a part of the record on appeal, we are required to assume that the trial court made proper findings regarding this issue. It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues which form the basis of an appeal. Tenn. R. App. P. 24(b): State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). When an appellant fails to include necessary portions of the record on appeal regarding an issue, an appellate court is precluded from considering the merits of the issue. See Tenn. R.

App. P. 24(b); <u>State v. Ballard</u>, 855 S.W.2d 557, 561 (Tenn. 1993). Accordingly, this issue is without merit.

Finding that the trial court properly dismissed the Appellant's petition for post-conviction relief, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
JOHN H. PEAY, Judge