# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 18, 2001

## OUDON PANYANOUVONG v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-49500     J. S. Daniel, Judge**

---

### No. M2000-03152-CCA-R3-PC - Filed November 16, 2001

---

The petitioner, Oudon Panyanouvong, appeals from the dismissal of his petition for post-conviction relief. After the appointment of post-conviction counsel, the petitioner expressed dissatisfaction with his attorney and ultimately refused to proceed with the evidentiary hearing. The issue is whether the trial court's summary dismissal was erroneous. Because the petitioner was not afforded the opportunity to proceed pro se and was not specifically admonished of the perils of pro se representation, the judgment of dismissal is reversed and the cause is remanded for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed; Cause Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. JOSEPH M. TIPTON, J., filed a concurring opinion.

Oudon Panyanouvong, Whiteville, Tennessee, pro se (on appeal); Guy R. Dotson, Sr., Murfreesboro, Tennessee (at trial), for the appellant, Oudon Panyanouvong.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; and Paul A. Holcombe, III, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 16, 1999, the petitioner, Oudon Panyanouvong, entered a plea of guilt to second degree murder as a Range II violent offender. As a part of the agreement, the indictment for felony murder was amended to a charge of second degree murder. A sentence of 40 years was ordered to be served at 100%. Related charges of burglary and misdemeanor theft were dismissed. The petitioner also pled guilty to six counts of burglary under a separate indictment and received Range I, concurrent sentences of three years for each offense. The burglary sentences were ordered to be served concurrently with the sentence for second degree murder.

The second degree murder conviction was based upon an incident which took place on January 22, 1998, when the petitioner, Tony Miller, and Phone Chomsavanh burglarized the

residence of the victim, Sanger Stabler. The victim was shot and killed during the course of the burglary. Both Miller and Chomsavanh acknowledged participation in the Stabler burglary. The petitioner, who is of Laotian origin but who received his formal education in this country, was 16 at the time of the offense and 18 at the time he entered his pleas of guilt. The record indicates that both Miller and Chomsavanh were prepared to testify for the state at the trial of the petitioner. At the time of his plea, the petitioner acknowledged that he was armed with a stolen .380 at the time of the burglary, that he "panicked," and that he shot the victim.

On July 31, 2000, approximately eight and one-half months after the guilty pleas, the petitioner filed a petition for post-conviction relief contending, among other things, that his guilty pleas had not been knowingly and voluntarily entered and that his trial counsel had been ineffective and had coerced the guilty pleas. The trial court appointed Guy R. Dotson, Sr., to represent the petitioner in the post-conviction proceeding. Attorney Dotson, who had previously served as District Attorney General but was in private practice at the time of these offenses, met with the petitioner and "advised him as to the evidence that would be necessary for him to prevail." Afterwards, the petitioner informed Attorney Dotson that he did not want him as a lawyer and "that if [the trial judge did not] appoint him another lawyer, he[] [was] just going to appeal that."

Shortly before the scheduled hearing, the petitioner filed an affidavit which, among other things, contained allegations that Attorney Dotson was acting "in concert with the state's prosecutor" and had disagreed with his claims of ineffective assistance from his trial counsel. The petitioner specifically asked for the dismissal of Attorney Dotson and the appointment of a substitute attorney. When questioned by the trial court, the petitioner, who was aware that Attorney Dotson had once served as District Attorney General, said, "I am not proceeding with this man representing me." Upon further questioning by the trial judge, the petitioner acknowledged that the proceeding might be the only opportunity he would have for post-judgment relief. The following exchange took place:

Q.    [Trial Judge] [Y]ou don't get to choose your appointed attorney. I appointed an attorney. This is an experienced attorney. I'm not appointing any other attorney to represent you. There is no basis presented to me in fact that gives rise to you not going forward with your petition. If you fail to proceed today, I'm dismissing this petition, and you can take it to the Court of Criminal Appeals.

A.    [Petitioner] Your Honor, I am not proceeding with this man representing me.

Afterward, the trial court dismissed the petition and returned the petitioner to the custody of the state penitentiary, directing him to "proceed in whatever way you desire."

In Douglas v. California, 372 U.S. 353 (1963), the United States Supreme Court held that the Fourteenth Amendment to the United States Constitution guarantees an indigent criminal defendant the right to counsel not only at trial but also in the first appeal of right. In Evitts v. Lucey, 469 U.S. 387 (1985), the right to such appellate counsel was held to necessarily encompass the right to the

effective assistance of counsel. This right to trial and appellate counsel does not, however, entitle a defendant to the counsel of his choice. Wheat v. United States, 486 U.S. 153 (1988); see also State v. Carruthers, 35 S.W.3d 516 (Tenn. 2000).

Our state courts have also ruled that there is no constitutional right to counsel in a post-conviction proceeding. See State v. Garrard, 693 S.W.2d 921 (Tenn. Crim. App. 1985). In Coleman v. Thompson, 501 U.S. 722, 757 (1991), the United States Supreme Court ruled that because there was no right to post-judgment counsel, attorney error which might have led to a default of a habeas corpus claim in state court could not serve to excuse the default in a later federal habeas proceeding. Our supreme court, in House v. State, 911 S.W.2d 705, 712 (Tenn. 1995), reached the same result, holding that because there was no right to effective post-conviction counsel, the ineffectiveness of counsel in a prior post-conviction proceeding could not be considered in determining the applicability of previous determination and waiver as procedural bars.

Tennessee Code Annotated § 40-30-206(e) authorizes trial courts to appoint counsel in post-conviction cases. See also Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (noting that when a colorable claim is presented in a pro se post-conviction petition, "dismissal without appointment of counsel . . . is rarely proper"). When a petitioner is indigent, he is entitled to an attorney during the course of an appeal of an order denying post-conviction relief. Recor v. State, 489 S.W.2d 64 (Tenn. Crim. App. 1972). As in the case of a pre-conviction proceeding, a post-conviction petitioner is not entitled to the attorney of his choice. See Brewer v. State, 4 Tenn. Crim. App. 265, 470 S.W.2d 47, 49 (1970).

An indigent person is "any person who does not possess sufficient means to pay reasonable compensation for the services of a competent attorney." Tenn. Code Ann. § 40-14-201(1); State v. Gardner, 626 S.W.2d 721, 723 (Tenn. Crim. App. 1981). Indigency entitles a post-conviction petitioner to the appointment of counsel. Tenn. Code Ann. § 40-30-215; see also Owens v. State, 908 S.W.2d 923 (Tenn. 1995). The procedure for the appointment before trial as provided in Tennessee Code Annotated §§ 40-14-201 to -210 applies to post-conviction proceedings. See Goodner v. State, 484 S.W.2d 364 (Tenn. Crim. App. 1972).

Because there is no constitutional right to either counsel or effective counsel in post-conviction proceedings, the petitioner's right to counsel has not been abridged by the dismissal of the petition. In Carruthers, our supreme court recognized that a defendant in a criminal case may involuntary waive or forfeit his constitutional right to counsel "by utilizing that right to manipulate, delay, or disrupt trial proceedings." 35 S.W.3d at 549. In that case, wherein the defendant treated a series of appointed lawyers in an abusive manner, our high court ruled that the right to counsel "may not be used as a license" to derail the administration of justice. Id.; see also United States v. Flewitt, 874 F.2d 669 (9th Cir. 1989); Berry v. Lockhart, 873 F.2d 1168 (8th Cir. 1989). In United States v. White, 529 F.2d 1390, 1393 (8th Cir. 1976), the right to counsel was described as "a shield, not a sword."

While one may forfeit the right to counsel by misconduct, this court, citing United States v. McDowell, 814 F.2d 245 (6th Cir. 1987), has suggested a specific procedure for those who, absent misconduct requiring forfeiture, might voluntarily waive a right to counsel and exercise the option of self-representation. See Smith v. State, 987 S.W.2d 871, 875 (Tenn. Crim. App. 1998). During the trial process, every person has a constitutional right to represent himself. U.S. Const. amend. VI; Tenn. Const. art. I, § 9; Faretta v. California, 422 U.S. 806, 818-20 (1975). In State v. Herrod, this court ruled that the exercise of the right of self-representation is based upon three conditions:

(1) The defendant must timely assert his right to self-representation;

(2) the exercise of the right must be clear and unequivocal; and

(3) the defendant must knowingly and intelligently waive his right to assistance of counsel.

754 S.W.2d 627, 629-30 (Tenn. Crim. App. 1988). A defendant need not have legal training or experience in order to competently and intelligently elect self-representation. Faretta, 422 U.S. at 835; see generally Smith v. State, 987 S.W.2d 871 (Tenn. Crim. App. 1998).

When an accused desires to proceed pro se, the trial judge must conduct an intensive inquiry as to his ability to represent himself. State v. Northington, 667 S.W.2d 57 (Tenn. 1984). The waiver of the right to counsel must be knowingly and intelligently made. Tenn. R. Crim. P. 44(a); State v. Armes, 673 S.W.2d 174, 177 (Tenn. Crim. App. 1984).

In Cole v. State, 798 S.W.2d 261, 263 (Tenn. Crim. App. 1990), this court concluded that a post-conviction petitioner had neither a constitutional right nor a statutory right to self-representation. Yet, this court also determined that a supreme court rule had by implication established a "common law right" to self-representation. By virtue of Rule 13(1) of the Tennessee Supreme Court, a post-conviction petitioner "'has a right to be represented by counsel . . . and . . . counsel will be appointed . . . if he so desires.'" Cole, 798 S.W.2d at 263 (quoting Tenn. S. Ct. R. 13(1)).

Here, the record establishes that the petitioner refused to proceed with his appointed counsel. When a post-conviction petitioner seeks to substitute counsel, he has the burden of establishing to the satisfaction of the trial judge good and valid reasons for the dismissal of his attorney. Whether to substitute counsel is discretionary with the trial court. State v. Gilmore, 823 S.W.2d 566, 568 (Tenn. Crim. App. 1991). In this instance, the fact that Attorney Dotson had previously served as a district attorney general (but not at the time that the petitioner was prosecuted) would not be a basis for his dismissal as counsel. The record does not indicate any abuse of discretion by the denial of substitution. Moreover, while the recorded evidence in this case may rise to the level of absolute forfeiture of counsel (whether statutorily or constitutionally based), the trial court did not explicitly declare that forfeiture was the consequence and, while the petitioner did not ask to proceed pro se, it did not advise the petitioner of the alternative of self-representation or provide an accompanying

admonition as to the perils of self-representation in a post-conviction setting. Under these specific facts, a remand is appropriate for that determination before an absolute dismissal is warranted. If the petitioner persists in his view that he will not proceed with his appointed counsel, the trial court should afford him the opportunity to proceed pro se. If the petitioner refuses to proceed, the petition may be dismissed. If he chooses to represent himself, he must comply with all relevant rules and statutory guidelines. The trial judge "is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." United States v. Pinkey, 548 F.2d 305, 311 (10th Cir. 1977).

Accordingly, the trial court's order of summary dismissal is reversed and the cause remanded.

_____
GARY R. WADE, PRESIDING JUDGE