IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 1, 2015 Session

## WILLIS HOLLOWAY v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 0901388      Lee V. Coffee, Judge

_____

No. W2014-02444-CCA-R3-PC  -  Filed October 16, 2015
_____

Petitioner, Willis Holloway, was convicted of two counts of aggravated robbery, two counts of aggravated kidnapping, and one count of aggravated burglary.  He was sentenced to 135 years, and this court affirmed the judgments against him on direct appeal.  Petitioner filed a petition for post-conviction relief, which was denied by the post-conviction court after an evidentiary hearing.  On appeal, petitioner has abandoned his original claims for post-conviction relief and now argues that he should be granted a new trial because his trial counsel passed away prior to his post-conviction hearing.  He also contends that his constitutional rights were violated by the trial court's assignment to hear the post-conviction proceeding.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Charles E. Waldman, Memphis, Tennessee, for the Appellant, Willis Holloway.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Anita Spinetta and Samuel David Winnig, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

Because neither the facts from petitioner's trial nor those from his post-conviction hearing are at issue in this appeal, we will only briefly summarize the background of this case. Petitioner was convicted along with his co-defendant, Charles Jackson, for two counts of aggravated robbery, two counts of aggravated kidnapping, and one count of aggravated burglary, based on their conduct in invading the home of octogenarians Clarence and Nadine Powers. *See State v. Charles Jackson and Willis Holloway*, No. W2010-01133-CCA-R3-CD, 2012 WL 543047, at *1-2 (Tenn. Crim. App. Feb. 17, 2012), *perm. app. denied* (Tenn. June 22, 2012). The men duct-taped the couple, ransacked their home, and made away with a safe containing $8,000, as well as other property. *Id.* The victims testified that the men used guns during the home invasion. *Id.* Two women also participated in the crimes, and those women testified against petitioner and Jackson at their joint trial. *Id.* at *3-4.

After losing his appeal, petitioner filed a petition for post-conviction relief in which he alleged ineffective assistance of counsel at trial and on appeal. The trial court held an evidentiary hearing at which petitioner's appellate counsel, co-defendant Jackson's trial counsel, petitioner, and a potential witness to the crimes testified. Petitioner's trial counsel was absent, having passed away prior to the post-conviction proceedings. The post-conviction court denied relief, and petitioner now appeals.

## I. Confrontation Clause Claim

Petitioner claims that he was denied his constitutional right to confront his trial counsel at his post-conviction hearing and that he should receive a new trial as a remedy for this denial.[1] Our supreme court has explained that

> [t]he Confrontation Clause of the Sixth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment . . . directs that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Article I, section 9 of the Tennessee Constitution similarly provides "[t]hat in all criminal prosecutions, the accused hath the right . . . to meet the witnesses face to face." Tenn. Const. art. I, § 9.

*State v. Dotson*, 450 S.W.3d 1, 62 (Tenn. 2014), *cert. denied*, 135 S. Ct. 1535, 191 L. Ed. 2d 565 (2015). "[T]he principal evil at which the Confrontation Clause was directed was

---

[1] The State, on appeal, has not argued that petitioner waived this issue for failure to include it in his post-conviction petition. Petitioner argued the issue before the post-conviction court, but the post-conviction court considered the issue waived. Because petitioner presented the issue below, albeit improperly, we will consider the merits of his argument.

the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." *Crawford v. Washington*, 541 U.S. 36, 50 (2004). "The Confrontation Clause is designed 'to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact.'" *State v. McCoy*, 459 S.W.3d 1, 13 (Tenn. 2014) (quoting *Maryland v. Craig*, 497 U.S. 836, 845 (1990)). The United States Supreme Court has described the right to confrontation as a "trial right." *See Barber v. Page*, 390 U.S. 719, 725 (1968) (stating that "[t]he right to confrontation is basically a trial right" and did not apply to a preliminary hearing).

Whether the Confrontation Clause applies to post-conviction proceedings appears to be a matter of first impression in Tennessee. Post-conviction proceedings are not criminal prosecutions but instead "are best described as proceedings arising out of a criminal case." *Carter v. Bell*, 279 S.W.3d 560, 565 (Tenn. 2009). In addition, "the opportunity to collaterally attack constitutional violations occurring during the conviction process is not a fundamental right entitled to heightened due process protection." *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992). Petitioners in post-conviction proceedings are not accorded the "full panoply" of constitutional rights; instead, "[a]ll that due process requires in the post-conviction setting is that the defendant have the opportunity to be heard at a meaningful time and in a meaningful manner." *Stokes v. State*, 146 S.W.3d 56, 60-61 (Tenn. 2004) (internal quotation marks and citations omitted). Our supreme court has ruled that petitioners do not, for example, have the constitutional right to effective assistance of counsel during post-conviction proceedings. *Id.* at 60. The First Circuit Court of Appeals has held that a petitioner is not entitled to be present at his own post-conviction proceedings because the Confrontation Clause does not apply to state post-conviction proceedings. *Oken v. Warden, MSP*, 233 F.3d 86, 93 (1st Cir. 2000).

In our view, logic dictates that the Confrontation Clause does not apply to post-conviction proceedings under the circumstances in this case, when petitioner claims that his trial counsel's absence (due to her untimely passing) prevented him from examining her about whether her counsel was effective. As stated previously, the Confrontation Clause specifically applies to criminal *prosecutions* and gives a citizen the right to confront his or her *accusers*. A post-conviction proceeding is not a criminal prosecution, and trial counsel was in no way an "accuser." If anything, a petitioner is the accuser in a post-conviction proceeding. Moreover, petitioner was given a full and fair opportunity to present his post-conviction case through testimony of other witnesses familiar with the proceedings. Therefore, we conclude that his trial counsel's absence at the post-conviction hearing does not require that we grant petitioner a new trial or any other relief based upon a denial of the right of confrontation at the post-conviction hearing.

## II. Trial Court's Recusal (Petitioner's Issue II and III)

Petitioner argues that his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 9 of the Tennessee Constitution were violated when the judge who presided over the jury trial in this matter was assigned to be the post-conviction court presiding over his petition for post-conviction relief. He contends that the post-conviction court was not impartial because this court found harmless error in its actions as trial court and because the standard of proof is lower in post-conviction proceedings (an argument that appears to be a *non sequitur*). Petitioner also argues that this court should review his claim despite his not having presented it below because "asking [the] Trial Court, in its role as Post-Conviction Court, to address the constitutionality of its review of its own decisions simply compounds the issue." The State responds that petitioner has waived this argument by failing to request the court's recusal prior to the proceedings. We agree with the State.

Tennessee Supreme Court Rule 10B, section 1.01, states that "[a]ny party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion." No such motion was filed in this case; thus, the post-conviction court was never given the opportunity to rule on the issue. Therefore, petitioner has waived his argument in this regard. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Petitioner urges this court to use its "discretionary consideration" to consider this issue, but we decline his invitation. Moreover, it is not a "constitutional deprivation" for the judge who presided over a petitioner's trial to also preside over his post-conviction proceeding. *State v. Garrard*, 693 S.W.2d 921, 922 (Tenn. Crim. App. 1985) ("The Post-Conviction Procedure Act is a wholly statutory procedure. The designation of a hearing judge is purely an administrative function and nothing more. There was no constitutional deprivation.") Petitioner is without relief.

## CONCLUSION

Based on the arguments of the parties, the applicable law, and the record, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE

-4-