STATE of Tennessee, Appellee,

v.

Carl NORTHINGTON, Appellant.

Supreme Court of Tennessee,
at Nashville.

March 19, 1984.

William M. Leech, Jr., Atty. Gen. and Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, for appellee.

Roy N. Wilson, Brown & Wilson, Dickson, for appellant.

## OPINION

FONES, Chief Justice.

We granted defendant's Rule 11 application for permission to appeal to further review the issue of whether defendant made a knowing and intelligent waiver of his right to counsel and whether in making such a determination it is permissible to consider the quality of a defendant's *pro se* trial performance.

The Court of Criminal Appeals held that the trial judge's investigation of the factors bearing upon a knowing and intelligent waiver were insufficient, and we agree. But, the intermediate Court, giving consideration to the performance of defendant at trial, concluded that "most competent counsel could have fared no better" and affirmed his conviction. We hold that a defendant's *pro se* trial performance is not relevant on the issue of whether there was a valid waiver prior to trial and reverse.

Defendant, Carl Northington, as an indigent had counsel appointed to represent him upon a two count indictment. Defendant was charged with robbery and assault with intent to commit murder. The attorney appointed for defendant was the Honorable Ronald W. Kilgore.

On June 24, 1982, a pre-trial motion was made by appointed counsel to withdraw from further representation of defendant. This motion was supported by a handwritten affidavit signed by defendant which stated in part that after having his rights explained to him by counsel,

"I [defendant] hereby waive voluntarily my right to counsel and request that I be allowed to represent myself ... and that my appointed lawyer, Ronald W. Kilgore be relieved. I have been provided with copies of all charges, motions and related papers."

A hearing was held on the motion to withdraw during which the following colloquy transpired:

MR. KILGORE: Your Honor, in this case, I filed a motion to withdraw and be relieved as counsel. Mister—And I've prepared an affidavit. Mr. Northington states that he wishes to represent himself.

Your Honor, as an Officer of the Court, I have advised Mr. Northington, and of the rights—of everything involved in the case, and he has stated that he desires to represent himself. So on that ground, I move to be allowed to be withdrawn—to withdraw.

THE COURT: Were you employed counsel?

MR. KILGORE: No, Your Honor, I was appointed.

THE COURT: Mr. Northington, you have heard what Mr. Kilgore has had to say. Mr. Kilgore has said that you want to represent yourself, and that he—at your request, that he has filed a motion asking to withdraw. And he has supported that by an affidavit, that is, a signed statement by you, indicating that that is what you want to do.

Mr. Northington, if you wish to represent yourself in defense of these cases, you have a Constitutional right to do that. And the Court has previously appointed Mr. Kilgore to represent you. He will do that if you want him to.

You are charged in two (2) cases, I believe—Docket Number 12491, wherein you are charged with burglary, and Docket Number 12625, wherein you are charged with assault to—with the intent to commit murder in the first degree. Both of these are serious felony charges, involving possible penitentiary sentences.

The Court would instruct you that you have a Constitutional right to represent yourself. If you undertake to represent yourself, you should be aware of the fact that you'll be held to the same standards as if you had a lawyer in the conduct of the trial.

The Court would like to hear some expression from you as to what your wishes are in this regard.

THE DEFENDANT: I wish to represent myself.

THE COURT: Have you fully discussed this with Mr. Kilgore?

(The Defendant nodded affirmatively)

THE COURT: How old are you, Mr. Northington?

THE DEFENDANT: Twenty-six (26).

THE COURT: Twenty-six (26) years old? How far in school did you go?

THE DEFENDANT: Through—I went through the Fifth (5th).

THE COURT: Through the Fifth (5th) Grade? Mr. Northington, you certainly may exercise your Constitutional right to represent yourself if you want to. At the same time, the Court would advise you that I think it's unwise. In the conduct of the trial, I think you need the assistance of counsel. But it's your decision to make and we'll abide by your wishes. Do you want to represent yourself?

THE DEFENDANT: Yeah.

THE COURT: All right. Mr. Kilgore will be relieved, and Mr. Northington will be allowed to represent himself.

MR. KILGORE: Your Honor, I would indicate for the record that I will deliver my entire file to Mr. Northington, and I will also endeavor to make some recommendations to him concerning what he's doing in this regard.

The defendant represented himself *pro se* in the criminal trial, and was convicted on both charges. Counsel was appointed for defendant to pursue an appeal.

■ The right to assistance of counsel in the preparation and presentation of a defense to a criminal charge is grounded in both the Tennessee and United States Constitutions. Article I, Section 9, Constitution of Tennessee; Sixth Amendment to the Constitution of the United States. It is settled law that there exists the alternative right—the right to self representation—which also has its foundation based on the Sixth Amendment. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

> Although not stated in the Amendment in so many words, the right to self-representation—to make one's own defense personally—is thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails. 422 U.S. at 821–22, 95 S.Ct. at 2533.

■ The constitutional right to represent oneself can be asserted, but only after a defendant both knowingly and intelligently waives the valuable right to assistance of counsel. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *State v. Burkhart,* 541 S.W.2d 365 (Tenn.1976). In *Johnson v. Zerbst, supra,* it was held that the constitutional right of an accused to be represented by counsel "imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." 304 U.S. at 465, 58 S.Ct. at 1023.

The United States Supreme Court in *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 68 S.Ct. 316, 92 L.Ed. 309 (1948), laid down the proper guidelines to be observed by trial judges, in light of the strong presumption against waiver of the constitutional right to counsel, before a waiver should be found.

> [a] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. 322 U.S. at 723–24; 68 S.Ct. at 323.

The Tennessee Rules of Criminal Procedure 44 provide in relevant part:

> (a) *Right to Counsel.* Every indigent defendant shall be entitled to have counsel assigned to represent him in all matters necessary to his defense and at every stage of the proceedings, unless he executes a written waiver. Before accepting such waiver the court shall first advise the accused in open court of his right to the aid of counsel in every stage of the proceedings. The court shall, at the same time, determine whether there has been a competent and intelligent waiver of such right by inquiring into the background, experience and conduct of the accused and such other matters as the court may deem appropriate. Any waiver accepted shall be spread upon the minutes of the court and made a part of the record in the cause.

■ The Court of Criminal Appeals after examining the transcript of the hearing on the motion to withdraw, found that the

trial judge "wholly failed" to properly investigate the matter to be assured the defendant understood the consequences of self-representation in light of the *Von Molke* factors. We agree. The trial court failed to diligently examine the defendant's background and experience, failed to notify defendant as to the possible extent of any penitentiary sentence, and failed to elaborate fully to defendant why he thought it "unwise" to waive counsel. As stated in *Von Molke*

[a] mere routine inquiry—the asking of several standard questions followed by the signing of a standard written waiver of counsel—may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel. 332 U.S. at 724; 68 S.Ct. at 323.

The Court of Criminal Appeals, however, based on *Cogdell v. State*, 193 Tenn. 261, 246 S.W.2d 5 (1951), held:

[a] criminal defendant's pro se trial performance, along with all the other facts and circumstances in the case, is relevant in determining whether he knowingly and voluntarily waived his right to counsel.

Finding defendant to have done a "commendable job" at representing himself, as the facts were so heavily against him that even the "most competent counsel could have fared no better," the court found a voluntary and knowing waiver of his right to counsel.

The position of the State in its brief to this Court is that defendant's *pro se* performance can be considered "inasmuch as the appellant's [defendant's] trial performance reflects upon his ability to waive his right to counsel."[1]

In *Cogdell, supra,* defendant "stubbornly" refused the services of four different attorneys the trial court appointed to represent him and represented himself *pro se.* The issue before the Court was whether there had been an "intelligent waiver" of the right to assistance of counsel. After quoting a passage from *Johnson v. Zerbst, supra:*

The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience *and conduct of the accused.* (Emphasis added.) 58 S.Ct. at 1023.

the Court did examine the performance of defendant during his trial in determining that he had intelligently and intentionally waived his right to counsel.

[t]he particular facts and circumstances surrounding this case including his background and experience, as disclosed by the record, and his conduct from its beginning to the conclusion of the case in the trial court all clearly show that he did intelligently, as well as intentionally, waive and refuse the right to the aid of counsel in the trial court. 193 Tenn. at 269, 246 S.W.2d at 9.

We think the Court in *Cogdell* misinterpreted the quoted language of *Johnson v. Zerbst, supra,* in deducing that "conduct of the accused" meant "defendants *pro se* trial performance." The United States Supreme Court in *Faretta* held that a defendant's "technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself." 422 U.S. at 836, 95 S.Ct. at 2541.

We therefore overrule *Cogdell v. State, supra,* insofar as it holds that a defendant's *pro se* trial performance is a proper consideration in deciding whether a defendant has knowingly and intelligently waived his right to assistance of counsel.

■ We think that when a defendant is apprised of the dangers and disadvantages of self-representation so that "he knows what he is doing and his choice is made with eyes open," *Adams v. United States*

**1.** It should be noted that the State's present position on this issue is a reversal from that taken in its answer in opposition to defendant's application for permission to appeal: "Finally,

the State asserts that the defendant's conduct of his defense has no bearing on the question of whether he knowingly and intelligently waived his right to counsel."

*ex rel. McCann,* 317 U.S. 269 at 279, 63 S.Ct. 236 at 242, 87 L.Ed. 268 (1942), and yet chooses to proceed *pro se,* his performance at trial is not relevant as to whether there was a valid waiver made prior to trial. A valid waiver, if there is one, is made prior to trial or not at all. *Hsu v. United States,* 392 A.2d 972 (D.C.App. 1978).

> The existence of a constitutional pretrial waiver cannot be made to turn on an appellate court's view as to whether, in retrospect, the defendant used relatively good judgment in representing himself at trial. *Id.* at 986.

Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand this case to the Criminal Court of Dickson County for a new trial in accordance with principles enunciated herein.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.