IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1998 SESSION

FILED

November 13, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| PAUL DAN SMITH, | * | # 01C01-9712-CC-00578 |
| Appellant, | * | LAWRENCE COUNTY |
| VS. | * | Hon. William B. Cain, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

J. Jay Cheatwood
Attorney for Appellant
231 Mahr Avenue
P.O. Box 794
Lawrenceburg, TN  38464

For Appellee:

John Knox Walkup
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN  37243-0493

James G. White
Assistant District Attorney General
P.O. Box 279
Lawrenceburg, TN  38464

OPINION FILED: _____

REVERSED AND REMANDED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The petitioner, Paul Dan Smith, appeals the trial court's denial of post-conviction relief. The single issue for review is whether the trial court erred by concluding that the petitioner had knowingly and voluntarily waived his right to counsel. We reverse the judgment of the trial court.

In 1996, the petitioner was indicted on four counts of burglary, three counts of theft, five counts of contributing to the delinquency of a minor, coercion of a witness, passing a worthless check, and felony escape. On September 12, 1996, the petitioner, pro se, entered best interest pleas of guilty to four counts of burglary and single counts of felony escape and passing a worthless check. For each burglary conviction, the petitioner was sentenced to six years as a Multiple, Range II offender. For the felony escape, he received a six-year sentence as a Persistent, Range III offender. He was required to serve eleven months twenty-nine days for passing the worthless check. All sentences were to be served concurrently. No fine was imposed. As a part of the plea agreement, the state dismissed eight other charges and agreed not to oppose parole.

There was no direct appeal. On October 31, 1996, the petitioner filed this petition for post-conviction relief, counsel was appointed, and the petition was amended. The petitioner alleged that his guilty pleas were not knowing and voluntary, that he was denied the right to counsel, and that his waiver of the right to counsel was neither knowingly nor voluntarily made.

Just prior to the 1996 guilty pleas, the public defender informed the trial court that her office could not represent both the petitioner and his wife, Sheila Smith, who was charged with aiding and abetting felony escape. The trial court

2

appointed another attorney to represent Ms. Smith, leaving the office of the public defender as the representative of the petitioner.  At that point, the petitioner advised the trial court as follows:

> Petitioner: Your Honor, I would like to refuse to have the Public Defender's office represent me.
>
> Court: Well, you can hire your own lawyer.  Other than that, you don't have--
>
> Petitioner: Your Honor, I would like to represent myself then, because I do not think--
>
> Court: You've got the right to do that.

The trial court provided the petitioner with copies of the indictments and entered not guilty pleas on his behalf.  When the petitioner inquired about a speedy trial, the trial court set the trial for September 12th, just three days later.  On the scheduled trial date, the pro se petitioner informed the trial court that he had negotiated a plea agreement with the state.  The following colloquy occurred:

> Court: I have before me here a waiver of a trial by jury ....  You did sign this waiver, did you?
>
> Petitioner: Yes, sir.
>
> Court: Now, Mr. Smith, you're here without an attorney and I believe you told me on Monday that you wanted to represent yourself; is that right?
>
> Petitioner: That's correct.
>
> Court: Now, you understand that if you want an attorney and you're unable to employ one, then the Court will appoint an attorney for you.  Do you understand that?
>
> Petitioner: Yes, sir.
>
> Court: And you want to waive that right and proceed with this matter on your own without the assistance of an attorney?
>
> Petitioner: Yes, sir, I do.
>
> Court: All right.

3

The trial court advised the petitioner of his absolute right to a jury trial and inquired whether there were promises made or coercive tactics used by the state to induce the waiver of trial by jury. No such question was asked about the waiver of counsel. The trial court then declared that the petitioner had freely and voluntarily waived his right to a jury trial and accepted the petitioner's waiver of the right to counsel.

The indictments were read, after which the trial judge propounded a series of questions. The record establishes that the petitioner was thirty-four years old at the time of his plea and that he had completed twelfth grade. His physical and mental health were described as good. The petitioner represented to the trial court that he was not then, nor at the time of the offenses, under the influence of intoxicants.

The trial court again informed the defendant that he had the right to a trial and to have an attorney appointed. The petitioner acknowledged these rights. The petitioner was advised that his maximum possible penalty for these offenses was fifty-five years and that he could be fined twenty-five thousand dollars. The state presented a brief factual basis for the pleas. The petitioner submitted no additional information. Afterward, the trial court inquired as follows: "[I]f understanding everything we've talked about here this morning and fully understanding, would you now want to withdraw your plea to any of these charges?" The petitioner replied that he did not; he told the trial judge that he had no other statements to make and had no questions to ask. The trial court then found that the pleas were voluntary and knowing, accepted them, and imposed the agreed sentences.

The record includes a waiver of a jury trial form dated September 12, 1996, which contains the following paragraph:

> I understand that ... if I choose to plead "Not Guilty" the Constitution guarantees me ... (e) the right to have the assistance of counsel in my defense at all stages of the proceedings and that if I cannot afford counsel, counsel will be appointed for me at no cost.

The box signifying waiver of the right to appointed counsel was checked and the form was signed by the petitioner and the trial judge.

On September 25th, thirteen days after the guilty pleas, the trial judge granted a hearing at the request of the petitioner:

Petitioner: I felt it was injustice. ... What I felt like the day when I said that I didn't want the public defender to represent me, what I was saying is that Mr. Rundy had instructed me to say that. He said he couldn't represent me. He'd told me that for six months, your honor. Then when I said that I didn't want them to represent me, they didn't stand up and say nothing about there was any conflict. Maybe I misunderstood.

Court: That was on the 9th [of September], and you stated at that time that you wanted to represent yourself.

Petitioner: Because, your honor, you asked me did I have funds to hire an attorney and I said, "no."

Court: All right. You said, "no," and then you said that you wanted to represent yourself....

Petitioner: Yes, sir, I did.

Court: All right. Tell me about what's happened that caused you to change your mind ....

Petitioner: I guess I just thought it over. I don't know, you know, I'm no attorney myself. I've got a limited ability as far as the law, you know. I'm a truck driver. I don't know much about law. And six years, I guess that's fine. You all are the Court system. If that's justice to be served, your honor, I can accept it and

5

do the six years in the State penitentiary or whatever.
***

State:      [The petitioner] wanted to talk with us regarding his cases prior to the trial so we had him brought up, and I asked him if he wanted an attorney. He said, "no." I said, "If you want an attorney, you just pick one out and we'll see if they'll come over here and represent you and get an order from the Court." He did not want an attorney.
***

If he does not want [the plea] we can let him withdraw it, get him an attorney, and have a trial.
***

Court:      Didn't the attorney general come down and talk with you?

Petitioner: Yes, sir, he did.

Court:      Well, as far as him saying at that time that he would try to see that you got an attorney, do you agree that that happened?

Petitioner: Yeah. I felt like there was no attorney in Lawrenceburg really wants to represent me, your honor, not fairly. Not to really do a job and try to help me. ... But, I'm satisfied with the six years.
***

Court:      [I]f there's any problem, now is the time to work it out, rather than going to the penitentiary and filing petitions and post conviction relief and that sort of thing. If there is something that we need to do before anything else happens, then I really need to know what that is now.
        The way this stands, this will be a ... six year sentence ... at ... forty-five percent?

Petitioner: Yes, sir.

Court:      Now, is there anything that you want to redo that we did there on September 12th?

Petitioner: No sir, I don't see none. I don't see nothing but just loading me up and sending me on to the penitentiary and let me just do it, rather than keeping me in this suffering in Lawrence County jail.

6

*** 

Court:       But what I was concerned about is if there's anything went wrong on the 12th when you entered your pleas, we need to redo or reconsider now.

Petitioner:    I suppose not.

At the evidentiary hearing on the petition for post-conviction relief, the petitioner testified that had been informed of his right to counsel before entering the guilty pleas. He maintained, however, that when he declined the services of the public defender's office, the trial court had refused to appoint other counsel. He claimed that he asked to represent himself only because he had no alternative. The petitioner contended that had he been appointed counsel, he would have been informed that necessity was a defense to felony escape and that he would not have pled guilty. He claimed that he did not know the law and had no access to legal references. The petitioner insisted that his waiver of the right to counsel was not knowingly or intelligently entered because he did not fully understand his rights. He also complained about an assault at the jail and testified that he had been intimidated by the trial judge at the arraignment.

On cross-examination, the petitioner admitted that he had thirty prior convictions and had on three different prior occasions entered guilty pleas. He could not point to a particular right that he did not understand and acknowledged that prior to accepting his guilty pleas, the trial court had informed him he had the right to an attorney. The petitioner stated that the reason he did not want an attorney at the time was because he did not know he needed one.

The trial judge who accepted the petitioner's guilty pleas testified that in his eighteen years on the bench, he had never denied a defendant the

7

representation of an attorney. He recalled that the petitioner wanted to represent himself, requested a speedy trial and then expressed a desire to serve his sentence:

> I got the impression that [the petitioner] just wanted to go on to the penitentiary .... And we went over this procedure, again. I recall telling him ... if there's anything wrong, you need to bring it to my attention, now. ... And he indicated to me that he was satisfied.

At the conclusion of the post-conviction proceeding, the trial court concluded that the petitioner's decision to represent himself was "intelligently made with full knowledge of his right to counsel." Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

When an accused desires to proceed pro se, the trial judge must conduct an intensive inquiry as to his ability to represent himself. State v. Northington, 667 S.W.2d 57, 61 (Tenn. 1984). The waiver of the right to counsel must be knowingly and intelligently made. State v. Armes, 673 S.W.2d 174, 177 (Tenn. Crim. App. 1984); Tenn. R. Crim. P. 44. In Johnson v. Zerbst, 304 U.S. 458, 465 (1938), the United States Supreme Court placed "the serious and weighty responsibility ... of determining whether there is an intelligent and competent waiver" directly upon the trial judge. In a subsequent case, more specific guidelines were established:

> [A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The

8

fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

Von Moltke v. Gillies, 332 U.S. 708, 723-24 (1948). Rule 44(a) of the Tennessee Rules of Criminal Procedure places a similar obligation on the trial court:

Every indigent defendant shall be entitled to have counsel assigned to represent him in all matters necessary to his defense and at every stage of the proceedings, unless he executes a written waiver. Before accepting such waiver the court shall first advise the accused in open court of his right to the aid of counsel in every stage of the proceedings. The court shall, at the same time, determine whether there has been a competent and intelligent waiver of such right by inquiring into the background, experience and conduct of the accused and such other matters as the court may deem appropriate. Any waiver shall be spread upon the minutes of the court and made a part of the record of the cause.

See also State v. Gardner, 626 S.W.2d 721, 723 (Tenn. Crim. App. 1981). This court has recommended that the trial court question a defendant who wishes to proceed pro se according to the guidelines contained in 1 Bench Book for United States District Judges 1.02-2 to -5 (3d ed. 1986), also contained in the appendix to United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir. 1987). State v. Herrod, 754 S.W.2d 627, 630 (Tenn. Crim. App. 1988). For ease of reference, we have included these guidelines in an appendix to this opinion.

In Northington, our supreme court held that the trial court had "wholly failed to properly investigate [whether] the defendant understood the consequences

9

of self-representation in light of the <u>Von Molke</u> factors." 667 S.W.2d at 61 (internal quotation marks omitted). The trial court had addressed the seriousness of the charges, had advised that a pro se defendant would be held to the same standard as a lawyer, and was assured that the pro se defendant had discussed the case with his appointed attorney. <u>Id.</u> at 59. The age and education of the accused was also determined in advance of the acceptance of the waiver of the right to counsel. <u>Id.</u> The trial court had warned Northington that proceeding pro se was unwise. <u>Id.</u> Our supreme court set aside the conviction because the trial court "failed to diligently examine the defendant's background and experience, failed to notify defendant as to the possible extent of any penitentiary sentence, and <u>failed to elaborate fully to defendant why he thought it 'unwise' to waive counsel.</u>" <u>Id.</u> at 61 (emphasis added).

In <u>State v. Goodwin</u>, 909 S.W.2d 35 (Tenn. Crim. App. 1995), a panel of this court ruled that Goodwin had validly waived his right to counsel. <u>Id.</u> at 41. There, the trial court inquired as to Goodwin's age and education and warned him that proceeding pro se would cause confusion. <u>Id.</u> at 40. Goodwin was informed that an attorney would be provided for him for pretrial proceedings through an appeal, if needed. <u>Id.</u> He was warned that he would not have access to a law library and that his advisory counsel was not required to provide him with photocopies of relevant legal materials. <u>Id.</u> The trial judge told him that the trial would proceed at the same pace as it would if he had appointed counsel, that he would not have an opportunity to confer with advisory counsel for every question, and that he was responsible for understanding the rules of evidence and local rules of court. <u>Id.</u> at 41. The trial judge informed Goodwin that, as a litigant, he would have "no greater right than any other litigant" and that he would be treated the same as if he were represented by counsel. The trial court is not required to interrupt the trial to explain procedural rules, legal terms, or consequences of the litigant's

actions. Id. This court held that Goodwin "clearly understood the hazards of representing himself." Id.

Here, the inquiry was not nearly as extensive and there were no warnings of the pitfalls of self-representation. The trial court accepted the petitioner's waiver of counsel without asking about the defendant's background, education, or experience with the court system. While the trial court inquired at the arraignment whether the petitioner understood the nature of the charges against him, no questions were asked at the plea submission hearing as to his understanding of lesser offenses or the elements of the offenses charged. The trial court did not ask whether he understood available defenses or the range of possible punishments or fines he might face, if convicted. Most importantly, the trial court failed to warn the petitioner that self-representation was "unwise." The petitioner was not advised that he would be held to the same standards as an attorney trained in the law or that he would not have access to legal reference materials. At the impromptu hearing when the trial court offered to let the petitioner withdraw his guilty pleas and proceed to trial with appointed counsel, the trial judge still had not explained to the petitioner why he should have counsel and what he risked by refusing appointed counsel.

The state argues that the petitioner was given an opportunity to withdraw his pleas and proceed to trial with appointed counsel on September 25th, some thirteen days after entering his pleas and receiving his sentence. Because the petitioner declined that offer, the state contends, he should not be entitled to relief.

In State v. Duane A. Peters, C.C.A. No. 03C01-9112-CR-00382, slip op. at 1 (Tenn. Crim. App., at Knoxville, Apr. 15), app. denied, (Tenn. July 6, 1992),

11

Peters proceeded to trial pro se and was convicted of criminal trespass. On appeal, he argued a violation of the right to counsel. Id. A panel of this court held that the record did not support a finding of a valid waiver of this fundamental right because there was no compliance with the mandates of Northington or Rule 44, Tenn. R. Crim. P. Id., slip op. at 3-4. The state argued that the issue of right to counsel was waived because Peters did not include it in his motion for a new trial. Id., slip op at 4. Presiding Judge John K. Byers wrote decisively on behalf of the court, as follows:

> We find [the state's argument] to be rather ingenuous. Counsel is required to protect the rights of the accused. The accused goes to trial without counsel. Upon appeal he raises the denial of counsel as a basis for a new trial. Are we to deny relief because the uncounseled appellant did not know he must raise the issue in his motion for a new trial? These are the things which make the denial of counsel prejudicial and the right to counsel mandatory unless properly waived.

Id., slip op. at 4 (emphasis added).

By insisting on a speedy trial and self-representation, the petitioner foolishly initiated a process which concluded in a predictable result. One and a half months later, he complained to the trial court for relief from his convictions and cited his own folly as grounds therefor. Ordinarily, this court would have little desire to address such a grievance. Yet the right to counsel issue has not been waived or previously determined. Tenn. Code Ann. § 40-30-206(g), (h). Technically, the petitioner did not fail in the September 25th proceeding to present his waiver of counsel issue. There was no ruling on the merits. Thus, there is no procedural bar.

Under the existing guidelines, the inquiry by the trial court should have been more extensive. The failure to warn of the specific dangers of self-representation is the area of primary concern. That the petitioner had prior offenses suggests he had some previous knowledge of and experience with the criminal

12

justice system. Nonetheless, the importance of an extensive inquiry is emphasized by the content of the appendix. In our view, the evidence in the record preponderates against the trial court's finding that the waiver of the right to counsel by the petitioner was knowingly made. <u>See</u> <u>Brooks</u>, 756 S.W.2d at 289.

Accordingly, the judgment of the trial court is reversed. The convictions are set aside and the causes are remanded to the trial court for the appointment of counsel and a new trial.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
Curwood Witt, Judge

**APPENDIX**

The following excerpt is from <u>United States v. McDowell</u>, 814 F.2d 245, 251-52 (6th

Cir. 1987) (quoting Guideline[s] For District Judges from I <u>Bench Book for United</u>

<u>States District Judges</u> 1.02-2 to -5 (3d ed. 1986)):


> When a defendant states that he wishes to represent himself, you should ... ask questions similar to the following:
>
> (a)     Have you ever studied law?
>
> (b)     Have you ever represented yourself or any other defendant in a criminal action?
>
> (c)     You realize, do you not, that you are charged with these crimes: (Here state the crimes with which the defendant is charged.)
>
> (d)     You realize, do you not, that if you are found guilty of the crime charged in Count I the court must impose an assessment of at least $50 ($25 if a misdemeanor) and could sentence you to as much as __ years in prison and fine you as much as $__?
>
> (Then ask him a similar question with respect to each other crime with which he may be charged in the indictment or information.)
>
> (e)     You realize, do you not, that if you are found guilty of more than one of those crimes this court can order that the sentences be served consecutively, that is, one after another?
>
> (f)     You realize, do you not, that if you represent yourself, you are on your own?  I cannot tell you how you should try your case or even advise you as to how to try your case.
>
> (g)     Are you familiar with the [Tennessee] Rules of Evidence?
>
> (h)     You realize, do you not, that the [Tennessee] Rules of Evidence govern what evidence may or may not be introduced at trial and, in representing yourself, you must abide by those rules?
>
> (i)     Are you familiar with the [Tennessee] Rules of Criminal Procedure?
>
> (j)     You realize, do you not, that those rules govern the way in which a criminal action is tried in [this] court?
>
> (k)     You realize, do you not, that if you decide to take the witness stand, you must present your testimony by asking questions of yourself?  You cannot just take the stand and tell your story.  You must proceed question by question through your testimony.

(l)     (Then say to the defendant something to this effect):
I must advise you that in my opinion you would be far better defended by a trained lawyer than you can be by yourself.  I think it is unwise of you to try to represent yourself.  You are not familiar with the law.  You are not familiar with court procedure.  You are not familiar with the rules of evidence.  I would strongly urge you not to try to represent yourself.

(m)     Now, in light of the penalty that you might suffer if you are found guilty and in light of all of the difficulties of representing yourself, is it still your desire to represent yourself and to give up your right to be represented by a lawyer?

(n)     Is your decision entirely voluntary on your part?

(o)     If the answers to the two preceding questions are in the affirmative, [and in your opinion the waiver of counsel is knowing and voluntary,] you should then say something to the following effect:
"I find that the defendant has knowingly and voluntarily waived his right to counsel.  I will therefore permit him to represent himself."

(p)     You should consider the appointment of standby counsel to assist the defendant and to replace him if the court should determine during trial that the defendant can no longer be permitted to represent himself.

(Final alteration in original).