# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION



**FILED**

**May 7, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Appellee, | ) C.C.A. No. 02C01-9801-CR-00006 |
| | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable John P. Colton, Jr., Judge |
| | ) |
| **JOHN D. RUFF,** | ) (Assault) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

A. C. WHARTON, JR.
District Public Defender

TONY N. BRAYTON
Assistant Public Defender
Criminal Justice Complex
425 Fifth Avenue North
201 Poplar Avenue, Suite 2-01
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Criminal Justice Division
2nd Floor, Cordell Hull Building
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

JAMES CHALLEN
PERRY HAYES
Assistant District Attorneys General
Criminal Justice Complex
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**REVERSED AND REMANDED**

**JOHN EVERETT WILLIAMS,**
Judge

# O P I N I O N

The defendant, John D. Ruff, appeals his Shelby County Circuit Court conviction of two counts of assault. The defendant alleges that the trial court improperly allowed him to waive counsel. He further alleges that the evidence at trial did not support the guilty verdicts. The defendant seeks dismissal of the charges, or, in the alternative, a new trial. We REVERSE the judgment below.

## BACKGROUND

Memphis Police Department officers stopped a vehicle operated by the defendant and arrested him because he would not sign the issued traffic citation. At the Shelby County Jail, the defendant "passively resisted" thumb printing procedure. The defendant then allegedly assaulted the officers, and the Shelby County Grand Jury indicted the defendant on those two counts of assault.

The trial court's Order Appointing Private Counsel declared the defendant "financially unable to employ counsel" and appointed Wayne Chastain as defense counsel.[1] Chastain later moved to withdraw, alleging that the defendant had retained private counsel and had been extremely uncooperative. The defendant also requested Chastain's release. The trial court later released Chastain.

---

[1] The record is somewhat ambiguous regarding the defendant's status as an indigent. The defendant claimed different incomes, up to over fourteen dollars per hour, at various times in the proceedings. At a pretrial appearance conducted some time after entry of the Order mentioned above, the state requested an indigence determination. The trial court replied that such determination could be pursued at a later date, although the Order indicates the court had already made that determination. Also, the defendant apparently retained his own private counsel at some early point in the judicial proceedings.

At a later proceeding, the defendant attempted argument on a motion based on double jeopardy.[2] The defendant did not file the appropriate order setting the argument. The trial court denied opportunity to argue the motion and addressed the defendant's subsequent complaint:

> Well, if you're going to represent yourself, you're going to have to be a lawyer. If you didn't enter an order to that effect, this court is not going to -- . . . This is a court of record. We're not a General Sessions court down here. Where are you used to trying your cases? Where do you practice law most of the time? This is a court of record up here.

At that appearance, the trial court appointed Robert Gaia as counsel, who advised the court that the defendant wished to represent himself but retain Gaia as co-counsel. The court responded:

> THE COURT: If you want to represent yourself, you're going to represent yourself. I am not going to treat you any different than I would any other lawyer in this case, and if you don't know how to handle yourself as a lawyer, you're going to be in trouble. Do you understand that?
>
> DEFENDANT RUFF: Yes, sir.

When Gaia sought to assume as counsel, the defendant told him, "No, I [sic] rather have you not at this time. I would like to just remain silent." Gaia remained on the case as "elbow counsel." On a subsequent pretrial appearance, the defendant requested that Gaia, as "elbow counsel," assist him at trial. The trial court responded:

> THE COURT: I'm interested in whether you want to represent yourself.
>
> DEFENDANT RUFF: Yes, Your Honor, I would like to continue to represent myself with Mr. Gaia's assistance.
>
> . . . .

---

[2] The defendant alleged that the nolle prosequi issued on the charges at the General Sessions Court barred further prosecution.

THE COURT: If you want to represent yourself, that means you make all the --all the various procedural legal moves that need to be made at a trial and so forth. Do you understand that?

DEFENDANT RUFF: Yes, I do.

THE COURT: You understand that you would have to make all the objections and all those kind of things. Do you stand all of that?

DEFENDANT RUFF: Yes, I understand that.

. . . .

THE COURT: . . . [T]he court's going to make a finding on this case at this time that you have asserted your right to self-representation. And next, the court is going to make a finding that you have requested this and that you have been clear an [sic] unequivocal about it all along. And the court is going to show that you knowingly and intelligently waived the right of the assistance of counsel.

DEFENDANT RUFF: Yes, Your Honor, I have never made it known to the court that I would not be representing myself. I have never filed any pleadings or made any oral statement to that effect. So the prosecution can assume I will be representing myself.

The jury found the defendant guilty on both charges. The trial court imposed a sentence of six months in the workhouse and assessed two $2500.00 fines.

The trial court denied the defendant's pro se Motion for New Trial. The defendant executed an affidavit of indigence, and the trial court appointed the public defender as counsel for this appeal.

**ANALYSIS**

"The right to assistance of counsel in the preparation and presentation of a defense to a criminal charge is grounded in both the Tennessee and the United States Constitutions." State v. Northington, 667 S.W.2d 57, 60 (Tenn. 1984). An accused also possesses a right to self-representation, see State v. Gillespie, 898 S.W.2d 738, 740 (Tenn. Crim. App. 1994), but a "strong presumption against waiver of the constitutional right to counsel" exists, Northington, 667 S.W.2d at 60. An accused's request for self-representation in a criminal proceeding must be timely, as well as clear and unequivocal. See State

-4-

v. Herrod, 754 S.W.2d 627, 629-30 (Tenn. Crim. App. 1988). Further, the waiver of counsel must be voluntary and intelligent. See id.

A trial judge bears specific responsibilities when an indigent accused requests self-representation:

> Every indigent defendant shall be entitled to have counsel assigned to represent him in all matters necessary to his defense and at every stage of the proceedings, unless he executes a written waiver. Before accepting such a waiver the court shall first advise the accused in open court of his right to the aid of counsel in every stage of the proceedings. The court shall, at the same time, determine whether there has been a competent and intelligent waiver of such right by inquiring into the background, experience and conduct of the accused and such other matters as the court may deem appropriate. Any waiver shall be spread upon the minutes of the court and made a part of the record of the cause.

Tenn. R. Crim. P. 44(a); see State v. Gardner, 626 S.W.2d 721, 723 (Tenn. Crim. App. 1981); see also Johnson v. Zerbst, 304 U.S. 458, 465 (1938) (The trial judge bears the "serious and heady responsibility . . . of determining whether there is an intelligent and competent waiver by the accused.").

A defendant's asserting his right to self-representation does not excuse judicial inquiry. When an accused desires to proceed pro se, the trial judge must conduct an intensive inquiry as to that defendant's ability to represent himself. This Court recently addressed the applicable guidelines for this inquiry:

> "[A] judge must investigate as long and as thoroughly as the circumstances before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

Paul Dan Smith v. State, No. 01C01-9712-CC-00578 (Tenn. Crim. App. filed Nov. 13, 1998, at Nashville) ( quoting Von Moltke v. Gillies, 332 U.S. 708, 723-24 (1948)). The trial court must also ascertain the defendant's background, education, and experience with the legal system. The defendant must know why "he should have counsel and what he risk[s] by refusing appointed counsel" and thus "clearly understand the hazards of representing himself." State v. Goodwin, 909 S.W.2d 35, 40-41 (Tenn. Crim. App. 1995).

The record documents the trial judge's patience with the defendant's demands and his self-representation. Further, at different times the trial judge investigated various issues germane to the defendant's waiver of counsel. However, the right to counsel in criminal prosecution "is one of the safeguards . . . deemed necessary to insure fundamental human rights of life and liberty." Hendon v. State, 489 S.W.2d 271, 275 (Tenn. Crim. App. 1972). The defendant's self-representation at pretrial motions does not excuse absence of "a voluntary and knowing waiver of the right to counsel." State v. Armes, 673 S.W.2d 174, 177 (Tenn. Crim. App. 1984). "The record must show that the defendant made his decision [to waive counsel] knowing the disadvantages and dangers of representing himself." Goodwin, 909 S.W.2d at 40. We conclude that the record does not make this showing.

The trial court warned the defendant that he would "be in trouble" if he should not function as counsel but did not specifically articulate the dangers inherent in self-representation. The court did not discuss potential defenses, possible punishments, and other factors relevant to granting the opportunity for self-representation. The court did not examine the defendant's background, education, and experience with the legal system. In short, the trial court committed reversible error by not scrutinizing the pertinent factors established by the cited precedent. The submitted record does not clearly indicate the judicial scrutiny requisite to granting the defendant's request for self-representation.

This Court again recommends that trial courts consult 1 <u>Bench</u> <u>Book</u> <u>for</u> <u>United</u> <u>States</u> <u>District</u> <u>Judges</u> 1.02-2 to - 5 (3d ed. 1986) when questioning a defendant seeking pro se status.  <u>See</u> <u>Paul Dan Smith v. State</u>, No. 01C01-9712-CC-00578 (Tenn. Crim. App. filed Nov. 13, 1998, at Nashville).  We attach a copy of those guidelines as an appendix to this opinion.

**CONCLUSION**

We do not reach the presented issue of sufficiency of evidence.  We REVERSE and REMAND to the trial court for action consistent with our holding.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
THOMAS T. WOODALL, Judge

**APPENDIX**

The following excerpt is from United States v. McDowell, 814 F.2d 245, 251-52

(6th Cir. 1987) (quoting Guideline[s] For District Judges from I Bench Book for

United States District Judges 1.02-2 to -5 (3d ed. 1986)):

When a defendant states that he wishes to represent himself, you should ... ask questions similar to the following:

(a) Have you ever studied law?

(b) Have you ever represented yourself or any other defendant in a criminal action?

(c) You realize, do you not, that you are charged with these crimes: (Here state the crimes with which the defendant is charged.)

(d) You realize, do you not, that if you are found guilty of the crime charged in Count I the court must impose an assessment of at least $50 ($25 if a misdemeanor) and could sentence you to as much as ___ years in prison and fine you as much as $___?

(Then ask him a similar question with respect to each other crime which he may be charged in the indictment or information.)

(e) You realize, do you not, that if you are found guilty of more than one of those crimes this court can order that the sentences be served consecutively, that is, one after another?

(f) You realize, do you not, that if you represent yourself, you are on your own? I cannot tell you how you should try your case or even advise you as to how to try your case.

(g) Are you familiar with the [Tennessee] Rules of Evidence?

(h) You realize, do you not, that the [Tennessee] Rules of Evidence govern what evidence may or may not be introduced at trial and, in representing yourself, you must abide by those rules?

(i) Are you familiar with the [Tennessee] Rules of Criminal Procedure?

(j) You realize, do you not, that those rules govern the way in which a criminal action is tried in [this] court?

(k) You realize, do you not, that if you decide to take the witness stand, you must present your testimony by asking questions of yourself? You cannot just take the stand and tell your story. You must proceed question by question through your testimony.

(l) (Then say to the defendant something to this effect): I must advise you that in my opinion you would be far better defended by a trained lawyer than you can by yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence. I would strongly urge you not to try to represent yourself.

(m) Now, in light of the penalty that you might suffer if you are found guilty and in light of all the difficulties of representing yourself, is it still

your desire to represent yourself and to give up your right to be represented by a lawyer?

(n)      Is your decision entirely voluntary on your part?

(o)      If the answers to the two preceding questions are in the affirmative, [and in your opinion the waiver of counsel is knowing and voluntary,] you should then say something to the following effect: "I find that the defendant has knowingly and voluntarily waived his right to counsel. I will therefore permit him to represent himself."

(p)      You should consider the appointment of standby counsel to assist the defendant and to replace him if the court should determine during trial that the defendant can no longer be permitted to represent himself.

(Final alteration in original.)