IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2016

**STATE OF TENNESSEE v. MARK STEPHEN WILLIAMS**

**Appeal from the Criminal Court for Union County**
**Nos. 4331, 4597     E. Shayne Sexton, Judge**

_____

**No. E2015-01393-CCA-R3-CD – Filed July 6, 2016**

_____

The defendant, Mark Stephen Williams, appeals the trial court's revocation of his probation after a revocation hearing at which the defendant was not represented by counsel. He argues that he did not knowingly and voluntarily waive his right to counsel. Following our review, we conclude that the defendant did not execute a knowing and voluntary waiver of his right to counsel. We reverse the judgment of the trial court and remand this case for the appointment of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, for the Appellant, Mark S. Williams.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Lori Phillips-Jones, District Attorney General; and Tyler Hurst, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

This case arose after the trial court revoked the defendant's probation for failing to submit to an alcohol test. The defendant was on probation after pleading guilty to two counts of the sale of a Schedule II controlled substance, Class C felonies, and one count

of conspiracy to deliver a Schedule II controlled substance, a Class D felony. He received six-year sentences for each of the sale of a controlled substance convictions and a three-year sentence for the conspiracy to deliver conviction. The two six-year sentences were ordered to be served consecutively, and the conspiracy sentence was ordered to be served concurrently. He received an effective twelve-year sentence, suspended to probation.

The defendant later entered into a second plea agreement in which he pled guilty to one count of the sale of a Schedule III controlled substance. He received a six-year sentence suspended to probation that was to be served consecutively to his existing twelve-year sentence.

After the second plea agreement, the defendant was arrested for driving on a revoked license. As a result, a probation revocation warrant was filed that also included violations of other terms of the probation agreement, including the failure to report, using intoxicants, and failure to pay court costs. At a hearing, the defendant admitted that he violated the terms of his probation. The trial court ordered a three-month period of confinement, after which the defendant was returned to probation. As an additional condition of his probation, the defendant was required to submit to an alcohol and drug assessment and to "follow recommendations." In each of the guilty plea hearings and the probation revocation hearing, the defendant was represented by counsel.

A second probation violation report was filed alleging that the defendant failed to report and failed to undergo an alcohol and drug assessment. The trial court held a hearing, and the defendant did not have an attorney. The trial court asked the defendant, "Do you understand that you are entitled to a hearing on these allegations and an attorney to represent you. Are you asking for a hearing and a lawyer?" The defendant replied, "No, sir." The defendant then admitted that he was in violation of his probation. He agreed that he did not submit to the alcohol and drug assessment as required. The defendant explained that at the time of his first probation violation, he was staying with his brother, whose wife had recently passed away. The defendant stated that his brother was not able to care for himself and that the defendant "was just there" by himself with his brother. The trial court observed that "without supervision, probation won't work." The trial court imposed the defendant's original sentences and ordered him to serve the sentences in confinement.

The defendant filed an untimely notice of appeal of the trial court's decision. Sua sponte, this court issued an order waiving the timely filing of the notice of appeal, and this court later issued an order granting the defendant's request for the appointment of appellate counsel. We now proceed to consider his claims.

2

The defendant contends that the trial court erred in revoking his probation without appointing counsel or determining whether the defendant knowingly and intelligently waived his right to counsel. He contends that the brief exchange with the trial court did not establish that he knowingly waived his right to counsel and that the trial court should have inquired further into the defendant's background and intelligence. He also contends that the trial court should have cautioned the defendant about proceeding without counsel to ensure that his decision was knowing and voluntary. The State responds that the statements of the defendant indicate that he knowingly and voluntarily waived his right to counsel.

A defendant who has received probation "has a liberty interest that must be protected by due process." *State v. Merriweather*, 34 S.W.3d 881, 884 (Tenn. Crim. App. 2000). While there is no constitutional right to assistance of counsel at a probation hearing, our legislature statutorily provides that right through Tennessee Code Annotated section 40-35-311(b) (2010), which states that a defendant at a probation revocation hearing "is entitled to be represented by counsel." *See also Merriweather*, 34 S.W.3d at 885 (citing to T.C.A. § 8-14-206); *State v. Daniel W. Livingston a/k/a Daniel Gooch*, No. M1998-00471-CCA-R3-CD, 1999 WL 1209521, at *2 n.1 (Tenn. Crim. App. Dec. 17, 1999) ("In Tennessee, the right to counsel in probationary or community corrections revocations is statutory."); *State v. Michael Harlan Byrd*, No. 01C01-9609-CC-00411, 1998 WL 216859, at *9 (Tenn. Crim. App. May 1, 1998) ("A statutory right to counsel is afforded to persons faced with either probation or community corrections revocation."). Further, Tennessee Rule of Criminal Procedure 44 provides that "[e]very indigent defendant is entitled to have assigned counsel in all matters necessary to the defense and at every stage of the proceedings, unless the defendant waives counsel." The rule further provides that:

(1) Actions by Court. Before accepting a waiver of counsel, the court shall:

(A) advise the accused in open court of the right to the aid of counsel at every stage of the proceedings; and

(B) determine whether there has been a competent and intelligent waiver of such right by inquiring into the background, experience, and conduct of the accused, and other appropriate matters.

(2) Written Waiver. A waiver of counsel shall be in writing.

(3) Record of Waiver. An accepted waiver of counsel shall be in the record.

In *State v. Lovin*, 286 S.W.3d 275 (Tenn. 2009), our supreme court addressed the waiver of a statutory right to counsel in the context of a post-conviction setting. The court held that "[w]ith appropriate modifications, the questions to be addressed to prisoners who desire to represent themselves in post-conviction proceedings should be similar to the questions used when a person accused of a crime decides to represent himself or herself at trial." *Id.* at 289 (citing *Smith v. State*, 987 S.W.2d 871, 875, 877-78 (Tenn. Crim. App. 1998)). Thus,

> [A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

*Smith*, 987 S.W.2d at 875 (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723-24 (1948)).

Here, the record reflects that there was not a written waiver of counsel. Further, the trial court did not engage in an inquiry into the competence and intelligence of the defendant's waiver of counsel. The trial court did not inquire as to the defendant's "background, experience, and conduct," Tenn. R. Crim. P. 44(b)(1)(B), or apprise the defendant of the consequences of waiving his right to counsel. As a result, we conclude that the defendant did not effectively waive his right to counsel. *See Merriweather*, 34 S.W.3d at 885 (concluding that a defendant's signature of a waiver in a probation officer's office stating "[t]he defendant, having been fully advised of the right to be represented by counsel (appointed counsel if indigent) and to a hearing before the court before probation can be revoked or extended, hereby waives said rights" was an insufficient waiver and that "any waiver of the right to counsel had to be determined by the trial judge in open court to be knowing and voluntary"). Accordingly, we remand this case for the defendant to be appointed counsel and to address the alleged probation violation with the assistance of counsel.

4

**CONCLUSION**

Based upon the foregoing, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

_____

JOHN EVERETT WILLIAMS, JUDGE

5